Christopher M. Choate
600 Travis, Suite 7070
Houston, TX 77002
713-237-0011
Choate@mcnabbassociates.com
Attorney for Defendant
Matthew Alderman

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | CR 06-00264 |
|---|---|
| Plaintiff, | PETITION TO ENTER PLEA OF GUILTY, CERTIFICATE OF COUNSEL AND ORDER ENTERING PLEA |
| vs. | |
| Matthew Alderman, | |
| Defendant. | |

The defendant represents to the Court:

1. My name is Matthew Alderman. I am 25 years old. I have completed education through the 11th grade and ~~some college~~ have received my GED, and an Associates Degree. I request that all proceedings against me be in my true name.

2. My attorney is Christopher M. Choate.

Page 1 - Petition to Enter Plea of Guilty, Certificate of Counsel, And Order Entering Plea

3. My attorney and I have discussed my case fully. I have received a copy of the Indictment or Information. I have read the Indictment or Information, or it has been read to me, and I have discussed it with my attorney. My attorney has counseled and advised me concerning the nature of each charge, any lesser-included offense(s), and the possible defenses that I might have in this case. I have been advised and understand that the elements of the charge(s) alleged against me to which I am pleading "GUILTY" are as follows: Count __1__: that the defendant (1) _infringed a copyright_; (2) _he did so voluntarily and_; (3) _n/a_. (See attached plea letter, page 1, para. 2)
willfully.

4. I know that if I plead "GUILTY," I will have to answer any questions that the judge asks me about the offense(s) to which I am pleading guilty. I also know that if I answer falsely, under oath, and in the presence of my attorney, my answers could be used against me in a prosecution for perjury or false statement.

5. I am not under the influence of alcohol or drugs. I am not suffering from any injury, illness or disability affecting my thinking or my ability to reason. I have not taken any drugs or medications within the past seven (7) days.

6. I understand that conviction of a crime can result in consequences in addition to imprisonment. Such consequences include deportation, or removal from the United States, or denial of naturalization, if I am not a United States citizen; loss of eligibility to receive federal benefits; loss of certain civil rights (which may be temporary or permanent depending on applicable state or federal law), such as the right to vote, to hold public office,

**Page 2 - Petition to Enter Plea of Guilty, Certificate of Counsel, And Order Entering Plea**

and to possess a firearm; and loss of the privilege to engage in certain occupations licensed by the state or federal government.

7. I know that I may plead "NOT GUILTY" to any crime charged against me and that I may persist in that plea if it has already been made. I know that if I plead "NOT GUILTY" the Constitution guarantees me:

> a. The right to a speedy and public trial by jury, during which I will be presumed to be innocent unless and until I am proven guilty by the government beyond a reasonable doubt and by the unanimous vote of twelve jurors;
>
> b. The right to have the assistance of an attorney at all stages of the proceedings;
>
> c. The right to use the power and process of the court to compel the production of evidence, including the attendance of witnesses in my favor;
>
> d. The right to see, hear, confront, and cross-examine all witnesses called to testify against me;
>
> e. The right to decide for myself whether to take the witness stand and testify, and if I decide not to take the witness stand, I understand that no inference of guilt may be drawn from this decision; and
>
> f. The right not to be compelled to incriminate myself.

8. I know that if I plead "GUILTY" there will be no trial before either a judge or a jury and that I will not be able to appeal from the judge's denial of any pretrial motions I may have filed concerning matters or issues not related to the court's jurisdiction.

9. In this case I am pleading "GUILTY" under Rules 11(c)(1)(A) **and/or** 11(c)(1)(B). My attorney has explained the effect of my plea under Rule 11(c)(1)(A) to be as follows:

> I plead guilty under Rule 11(c)(1)(A), pursuant to a Plea Agreement whereby the prosecutor has promised to dismiss other charges against me; therefore, at or before sentencing, the judge must either accept the Plea Agreement or allow me to withdraw my plea.

My attorney has explained the effect of my plea under Rule 11(c)(1)(B) to be as follows:

> I plead guilty under Rule 11(c)(1)(B); therefore, although the judge will consider the recommendations and agreements of both the prosecution and the defense attorneys concerning sentencing, the judge is not obligated to follow those recommendations or agreements. If the judge imposes a sentence different from what I expected to receive under the terms of my plea agreement with the prosecutor, I do not have a right to withdraw my plea

10. I know the maximum punishment which can be imposed upon me for the crimes to which I am pleading guilty is _five (5)_ years imprisonment and a fine of $ _250,000.00_ . I also know that there is a mandatory minimum sentence of _n/a_ years.

**Page 4 - Petition to Enter Plea of Guilty, Certificate of Counsel, And Order Entering Plea**

11. I know that the judge, in addition to any other penalty, will order a special assessment as provided by law in the amount of $100.00.

12. I know that if I am ordered to pay a fine, and I willfully refuse to pay that fine, I can be returned to court, where the amount of the unpaid balance owed on the fine can be substantially increased by the judge and I can be imprisoned for up to one year.

13. My attorney has discussed with me the Federal Sentencing Guidelines. I know The Guidelines are advisory, not mandatory. I also know the sentencing judge, in determining the particular sentence to be imposed, must consider those factors set forth in Title 18, United States Code, Section 3553(a), including, but not limited to: the nature and circumstances of the offense, my own history and characteristics, the goals of sentencing (punishment, deterrence, protection, and rehabilitation), and the sentencing range established by the advisory Guidelines. If my attorney or any other person has calculated a guideline range for me, I know that this is only advisory, and is only one of the factors that the judge will consider in making a final decision as to what sentence will be imposed. I also know that a judge may not impose a sentence greater than the maximum sentence referred to in paragraph (10) above.

14. I know from discussion with my attorney that, under the Federal Sentencing Guidelines, if I am sentenced to prison I am not entitled to parole. I will have to serve the full sentence imposed except for any credit for good behavior that I earn. I can earn credit for good behavior in prison at a rate of up to 54 days for each year of imprisonment served.

**Page 5 - Petition to Enter Plea of Guilty, Certificate of Counsel, And Order Entering Plea**

Credit for good behavior does not apply to a sentence of one year or less.

15. I know that if I am sentenced to prison, the judge will impose a term of supervised release to follow the prison sentence. During my supervised release term I will be supervised by a probation officer according to terms and conditions set by the judge. In my case, a term of supervised release can be up to __3__ years. If I violate the conditions of supervised release, I may be sent back to prison for up to __3__ years.

16. I know that in addition to or in lieu of any other penalty, the judge can order restitution payments to any victim of any offense to which I plead guilty. I am also informed that, for certain crimes of violence and crimes involving fraud or deceit, it is mandatory that the judge impose restitution in the full amount of any financial loss or harm caused by an offense. If imposed, the victim can use the order of restitution to obtain a civil judgment lien. A restitution order can be enforced by the United States for up to twenty (20) years from the date of my release from imprisonment, or, if I am not imprisoned, twenty (20) years from the date of the entry of judgment. If I willfully refuse to pay restitution as ordered, a judge may resentence me to any sentence which could originally have been imposed.

17. On any fine or restitution in an amount of $2,500 or more, I know that I will be required to pay interest unless that fine or restitution is paid within fifteen (15) days from the date of the entry of judgment.

18. If I am on probation, parole, or supervised release in any other state or federal case, I know that by pleading guilty in this court my probation, parole or supervised release

**Page 6 - Petition to Enter Plea of Guilty, Certificate of Counsel, And Order Entering Plea**

may be revoked and I may be required to serve time in that case, which may be consecutive, that is, in addition to any sentence imposed on me in this court.

19. If I have another case pending in any state or federal court, I know that my Plea Petition in this case does not apply to my other case(s), and that I can be faced with consecutive sentences of imprisonment.

20. My plea of "GUILTY" is based on a Plea Agreement that I have made with the prosecutor. That Plea Agreement is attached hereto and incorporated herein. I have read or had read to me the Plea Agreement, and I understand the Plea Agreement.

21. No officer or agent of any branch of government (federal, state or local) or anyone else has promised or suggested that I will receive a lesser term of imprisonment, or probation, or any other form of leniency if I plead "GUILTY." I understand that I cannot rely on any promise or suggestion made to me by a government agent or officer which is not stated in writing, or which is not presented to the Judge in my presence in open court at the time of my entry of my plea of guilty.

22. My plea of "GUILTY" is not the result of force, threat, or intimidation.

23. I hereby request that the judge accept my plea of "GUILTY" to the following count:  1.

24. I know that the judge must be satisfied that a crime occurred and that I committed that crime before my plea of "GUILTY" can be accepted. With respect to the charge(s) to which I am pleading guilty, I represent that I did the following acts and that the

**Page 7 - Petition to Enter Plea of Guilty, Certificate of Counsel, And Order Entering Plea**

following facts are true:

Count __1__ : *Mr. Alderman reproduced and/or distributed over 2,500 copyrighted works, consisting of movies, music, and software programs and distributed circumvention devices under the DMCA, by uploading those files to, or downloading those files from, and FBI undercover FTP server via the internet. (See plea letter, page 1-2, para. 3)*

25.  I offer my plea of "GUILTY" freely and voluntarily and of my own accord and with a full understanding of the allegations set forth in the Indictment or Information, and with a full understanding of the statements set forth in this Petition and in the Certificate of my attorney that is attached to this Petition.

SIGNED by me in the presence of my attorney, after reading (or having had read to me) all of the foregoing pages and paragraphs of this Petition on this __13th__ day of __February__, 200__7__.

_____
Defendant

**Page 8 - Petition to Enter Plea of Guilty, Certificate of Counsel, And Order Entering Plea**

## CERTIFICATE OF COUNSEL

The undersigned, as attorney for defendant _Matthew Alderman_, hereby certifies:

1. I have fully explained to the defendant the allegations contained in the Indictment or Information in this case, any lesser-included offense(s), and the possible defenses which may apply in this case.

2. I have personally examined the attached Petition To Enter Plea of Guilty And Order Entering Plea, explained all its provisions to the defendant, and discussed fully with the defendant all matters described and referred to in the Petition.

3. I have explained to the defendant the maximum penalty and other consequences of entering a plea of guilty described in paragraphs (6)-(20) of the Petition, and I have also explained to the defendant the applicable Federal Sentencing Guidelines.

4. I recommend that the Court accept the defendant's plea of "GUILTY."

SIGNED by me in the presence of the above-named defendant, and after full discussion with the defendant of the contents of the Petition To Enter Plea of Guilty on the _13th_ day of _February_, 200_7_.

_____
Attorney for Defendant

Page 9 - CERTIFICATE OF COUNSEL

ORDER ENTERING PLEA

I find that the defendant's plea of GUILTY has been made freely and voluntarily and not out of ignorance, fear, inadvertence, or coercion. I further find the defendant has admitted facts that prove each of the necessary elements of the crime(s) to which the defendant has pled guilty.

IT IS THEREFORE ORDERED that the defendant's plea of GUILTY be accepted and entered as requested in this Petition and as recommended in the Certificate of defendant's attorney.

DATED this 13th of Feb., 2007, in open court.

_____
U.S. District Court Judge



U.S. Department of Justice

Karin J. Immergut
United States Attorney
District of Oregon          E-mail: sean.hoar@usdoj.gov
701 High Street                           (541) 465-6771
Eugene, OR  97401-2798      Fax: (541) 465-6840

**Sean B. Hoar, Assistant U.S. Attorney**

March 20, 2006

Daphne Pattison, Esq.
McNabb Associates
JP Morgan Chase Tower
600 Travis Street, Suite 7070
Houston, TX 77002

Re: *United States v. Matthew Alderman*

Dear Ms. Pattison:

    I have obtained authorization to propose the following plea agreement between your client, Matthew Alderman, and this office.  This offer supersedes that of February 22, 2006.

    1.    <u>Offense of conviction</u>: Mr. Alderman agrees to waive his right to an indictment by a grand jury and to plead guilty to Count One of an information, filed in the Western District of North Carlina, and transferred to the District of Oregon, charging the defendant with copyright infringement, in violation of 18 U.S.C. § 2319(a) and (b)(1), and 17 U.S.C. § 506(a)(1)(A).  Pursuant to Rule 20 of the Federal Rules of Criminal Procedure, the defendant waives trial in the Western District of North Carolina, and consents to the disposition of the case in the District of Oregon, where the defendant resides.

    2.    <u>Elements of Count 1</u>: Mr. Alderman understands that the elements of copyright infringement, as alleged in Count One of the information and to which he is pleading guilty, are as follows:

        a.    First, beginning on or about January 1, 2005, and continuing through on or about June 29, 2005, within the District of Oregon, Mr. Alderman infringed a copyright by reproducing or distributing, during any 180-day period, at least ten (10) copies of one or more copyrighted works which have a total retail value of more than $2,500; and

        b.    Second, Mr. Alderman did so voluntarily and willfully, that is with knowledge of the prohibition, and for purposes of commercial advantage or private financial gain.

    3.    <u>Relevant conduct for Count 1</u>: Regarding Count 1 of the information, for purposes of relevant conduct pursuant to U.S.S.G. § 1B1.3, Mr. Alderman and the United States agree that before and during the course of the offense, in the District of Oregon, Mr. Alderman reproduced and/or distributed over 2,500 copyrighted works, consisting of movies, music,

Daphne Pattison / Re: *Matthew Alderman*
March 20, 2006
Page two of six

and software programs, and distributed circumvention devices under the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-1204, by uploading those files to, or downloading those files from, an FBI undercover file transfer protocol server via the Internet. Mr. Alderman did so voluntarily, with knowledge of the illegality of such conduct, and for purposes of private financial gain including the acquisition of copyrighted movies, music and software for free. The government has been able to determine the retail value of most of the original, copyrighted works illegally reproduced or distributed by Mr. Alderman; that value exceeds $10,000 and is less than $30,000. Mr. Alderman agrees that he is responsible for this conduct pursuant to U.S.S.G. § 1B1.3 and that the United States can prove these facts beyond a reasonable doubt.

4.  <u>Applicable sentencing guideline range</u>: The parties agree that pursuant to *United States v. Booker/Fanfan*, 543 U.S. ___, 125 S.Ct. 738 (2005), the court must determine an advisory sentencing guideline range pursuant to the United States Sentencing Guidelines. The parties agree that the 2004 Edition of the Federal Sentencing Guidelines Manual is the applicable Edition for determining that range. The court must then determine a reasonable sentence within the statutory range after considering the advisory sentencing guideline range and the factors listed in 18 U.S.C. § 3553(a). The parties' agreement herein to any guideline sentencing factors constitutes proof of those factors sufficient to satisfy the applicable burden of proof.

   a.  <u>Base offense level</u>: Mr. Alderman and the United States agree that pursuant to U.S.S.G. § 2B5.3(a), the base offense level for the offense is 8.

   b.  <u>Infringement Amount</u>: Mr. Alderman and the United States agree that the infringement amount is greater than $10,000 and not more than $30,000 and that Mr. Alderman's offense level should be increased by four (4) levels pursuant to U.S.S.G. § 2B1.1(b)(1)(C).

   c.  <u>Uploading of Infringing Items</u>: Mr. Alderman and the United States agree that the offense involved the uploading of infringing items, and that his offense level should be increased by two (2) levels pursuant to U.S.S.G. § 2B5.3(b)(2).

   d.  <u>Acceptance of responsibility</u>: The United States will recommend a two-level adjustment in the applicable guideline range pursuant to U.S.S.G. § 3E1.1(a) for Mr. Alderman's "acceptance of responsibility." The United States will also recommend that Mr. Alderman be sentenced at the low end of the advisory applicable guideline range.

5.  <u>Maximum statutory penalties for Count 1</u>: Regarding Count 1, Mr. Alderman

Daphne Pattison / Re: *Matthew Alderman*
March 20, 2006
Page three of six

acknowledges that the maximum penalties for the offense of copyright infringement are a five (5) year term of imprisonment, a $250,000 fine, and a three (3) year term of supervised release.

6. Restitution: Mr. Alderman understands and agrees, pursuant to 18 U.S.C. §§ 3663 and 3663A, that the Court may impose an obligation upon him to pay full and complete restitution to the victims of his offense as a condition of any sentence imposed in this matter.

7. Cooperation with the Government: Mr. Alderman agrees to cooperate with law enforcement in the investigation and prosecution of others for criminal conduct. Specifically, Mr. Alderman agrees:

a. To provide complete, truthful, and candid disclosure of information and all records, writings, tangible objects, or other requested materials of any kind or description that he has which relate directly or indirectly to the subject of this investigation;

b. To answer completely, truthfully, and candidly all questions put to him by attorneys and law enforcement officials during the course of this investigation;

c. To make himself available for interviews by attorneys and law enforcement officers of the government upon request and reasonable notice;

d. Not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity;

e. Not to disclose the fact of or details regarding his cooperation with law enforcement to any person or entity;

f. To comply with any and all reasonable requests from federal government authorities with respect to the specific assistance that he shall provide;

g. To answer, at trial, before the grand jury, or at any hearing arising out of this investigation, all questions put to him by the Court or by the attorney for any party completely, truthfully, and candidly.

At the time of Mr. Alderman's sentencing, the United States will advise the sentencing judge and the probation office of the full nature, extent, and value of the cooperation provided by Mr. Alderman to the United States. In addition, if the United States determines that Mr. Alderman has provided substantial assistance in the investigation or prosecution of another

Daphne Pattison / Re: *Matthew Alderman*
March 20, 2006
Page four of six

person or entity that has committed any offense, the United States will file a motion to reduce his sentence pursuant to U.S.S.G. 5K1.1, if such cooperation is completed prior to his sentencing hearing, or pursuant to F.R.Crim.P. Rule 35 if it is completed subsequent to his sentencing hearing. Mr. Alderman understands that there will be no benefit provided to him based upon any convictions obtained, assets forfeited, or any collateral success of an investigation or prosecution. Mr. Alderman further understands that the determination of whether he has provided "substantial assistance" is within the sole discretion of the government and that the failure of the government to file a "substantial assistance" departure motion is not a ground for him to move to withdraw his plea of guilty in this case.

8. <u>Financial condition affidavit</u>: Mr. Alderman agrees, pursuant to 18 U.S.C. § 3664(d)(3), to prepare and file with the probation officer an affidavit fully describing his financial resources, including a complete listing of all assets owned or controlled by him and his financial needs and earning ability, and such other information that the Court requires relating to such other factors as the Court deems appropriate.

9. <u>Mandatory fee assessment</u>: Mr. Alderman acknowledges that pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to impose a special assessment of $100.00 for each felony count to which he pleads guilty. Mr. Alderman therefore agrees to pay the $100.00 mandatory assessment in this matter on or before the date of the imposition of judgment and sentence. Mr. Alderman agrees that if he fails to pay this assessment by the date of the imposition of judgment and sentence, he will be in breach of this agreement unless he notifies the United States by that date that he lacks the financial resources to do so. If he lacks the financial resources to pay the assessment on the date of the imposition of judgment and sentence, Mr. Alderman will agree to earn the money to pay the assessment as a condition of his sentence.

10. <u>Further sentencing reductions prohibited</u>: In exchange for the benefits of this proposal, Mr. Alderman will not seek any further downward adjustment, except that which is consistent with the provisions of 18 U.S.C. § 3553(a), nor will he seek any downward departure. The United States will not seek an upward departure, or any further upward adjustment.

11. <u>Withdrawal of guilty plea prohibited</u>: Mr. Alderman agrees that his guilty plea will be made pursuant to Fed.R.Crim.P. 11(c)(1)(B). He understands that this means that the contents of this plea agreement, including all agreements between Mr. Alderman and the United States and all agreements by the United States to make certain sentencing recommendations, are not binding on the court. If the probation office recommends a sentence different from that contemplated by this plea agreement, or if the court imposes a sentence different from that contemplated by this plea agreement, Mr. Alderman will not be

Daphne Pattison / Re: *Matthew Alderman*
March 20, 2006
Page five of six

allowed to withdraw his guilty plea.

12. <u>Breach of agreement</u>: Should either party breach this agreement, as determined by the court, the infringed upon party will have the right to be excused from all obligations under this agreement. If this right is exercised by a party, this agreement will become null and void and impose no obligations on either party.

13. <u>Criminal conduct pending sentencing prohibited</u>: The United States enters into this plea proposal with the assumption that Mr. Alderman will refrain from any criminal conduct pending sentencing. Should he engage in any criminal conduct pending sentencing, however, it will constitute a breach of this agreement and the United States will have the right to be excused from all obligations under this agreement.

14. <u>Appellate and post-conviction relief waiver</u>: In exchange for the benefits of this proposal, Mr. Alderman freely, voluntarily, knowingly and intelligently waives the right to appeal from any aspect of the conviction and sentence on any grounds unless (1) the sentence imposed exceeds the statutory maximum penalty or (2) the court arrives at an advisory sentencing guideline range by applying an upward departure under U.S.S.G. Chapter 5K or (3) the court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should Mr. Alderman seek an appeal, despite this waiver of that right, the United States may take any position on any issue on appeal. Mr. Alderman also freely, voluntarily, knowingly and intelligently waives any right to collaterally attack any matter in connection with this prosecution and sentence except the ineffective assistance of counsel or retroactive amendments to the Sentencing Guidelines. The United States agrees to waive the right to appeal any sentence within or exceeding the applicable advisory guideline sentencing range as contemplated by this agreement.

15. <u>Sole agreement</u>: Mr. Alderman acknowledges that no promises or representations have been made, nor agreements reached, other than those set forth above.

Please contact me or Corbin Weiss should you have any questions. Should Mr. Alderman desire to accept this proposal, please sign below along with him, indicating his understanding,

Daphne Pattison / Re: *Matthew Alderman*
March 20, 2006
Page six of six

approval and acceptance of the terms of this agreement. This offer is open until Friday, April 7, 2006, unless you notify me that you need more time to consider the offer.

                                      Sincerely,

                                      KARIN J. IMMERGUT
                                      United States Attorney

                                      SEAN B. HOAR
                                      Assistant United States Attorney

     I HAVE THOROUGHLY REVIEWED THIS DOCUMENT AND CAREFULLY DISCUSSED EVERY PART OF IT WITH MY ATTORNEY, DAPHNE PATTISON. I UNDERSTAND AND VOLUNTARILY AGREE TO ITS TERMS.

_____      4-26-06
MATTHEW ALDERMAN                    Date
Defendant

     I REPRESENT MR. ALDERMAN AS HIS LEGAL COUNSEL. I HAVE CAREFULLY REVIEWED EVERY PART OF THIS AGREEMENT WITH MR. ALDERMAN AND, TO MY KNOWLEDGE, HIS DECISION TO ENTER INTO THIS AGREEMENT IS AN INFORMED AND VOLUNTARY ONE.

_____      4-27-06
DAPHNE PATTISON                      Date
Attorney for Defendant

cc.      Corbin A. Weiss, Senior Counsel
          U.S. Department of Justice Computer Crime & Intellectual Property Section