KARIN J. IMMERGUT, OSB #96314
United States Attorney
District of Oregon
SEAN B. HOAR, OSB #87254
Assistant United States Attorney
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401-2708
(541) 465-6771 (voice)
(541) 465-6917 (fax)
sean.hoar@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 06-00264-01-HO |
| v. | ) | |
| | ) | GOVERNMENT`S |
| MATTHEW ALDERMAN, | ) | SENTENCING MEMORANDUM |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through its attorneys, Karin J. Immergut, United

States Attorney for the District of Oregon, and Sean B. Hoar, Assistant United States Attorney,

submits this memorandum for the benefit of the Court and the parties in preparation for the

sentencing hearing in this case. The sentencing hearing is scheduled to occur at 10:30 a.m. on

Tuesday, June 19, 2007. The Court must determine whether a downward adjustment for post

offense rehabilitation is warranted, whether the defendant's criminal history is overstated, and

whether certain special conditions of probation or supervised release are appropriate. The

presentence report appears to have accurately set forth the underlying facts in the case, and to

have accurately calculated the applicable sentencing guideline provisions. Pursuant to the terms

of the plea agreement in this case, and consistent with the facts in the case, the United States will

1 - GOVERNMENT'S SENTENCING MEMORANDUM

make the following recommendations regarding the sentence to be imposed:

      **1.**    **Base Offense Level**:  Pursuant to U.S.S.G. § 2B5.3(a), the base offense level is 8 because the offense of conviction involves criminal copyright infringement.

      **2.**    **Loss amount**:  Pursuant to U.S.S.G. §§ 2B5.3(b)(1)(B) and 2B1.1(b)(1)C), since the loss is more than $10,000 but less than $30,000, the offense level should be increased four (4) levels.

      **3.**    **Uploading of infringing items**: Pursuant to U.S.S.G. § 2B5.3(b)(3), since the offense involved the uploading of infringing items, the offense level should be increased two (2) levels.   This should result in an adjusted offense level of 14.

      **4.**    **Acceptance of responsibility**:  Pursuant to U.S.S.G. § 3E1.1(a), the offense level should be reduced two (2) levels for the defendant's acceptance of responsibility.

      **5.**    **Criminal History Category**:  It appears that the defendant is appropriately within Criminal History Category III.  Defense counsel suggests that a Criminal History Category III over-represents the seriousness of the defendant's criminal history.  His two prior convictions, however, place him squarely within Criminal History Category III, albeit on the low end of the category range.  His first two convictions occurred just three years ago.  His third conviction occurred two years ago.  At the time the instant offense was committed, January through June of 2005, he was on probation for his first two convictions.  His convictions are neither sufficiently remote in time nor minor in nature to be discounted under the sentencing guidelines.

      Regarding his first convictions, on June 16, 2004, the defendant was arrested for

*2 - GOVERNMENT'S SENTENCING MEMORANDUM*

driving under the influence of intoxicants, reckless driving, and possession of oxycontin. His arrest occurred after he was clocked speeding at 70 miles an hour in a 35 mile an hour zone. When an officer attempted to pull him over, he accelerated. After going through a series of corners, the defendant ran his truck into a culvert, through a ditch, and ultimately ended up sideways in a road. He refused to participate in any sobriety tests. When searched incident to his arrest, he was found in possession of two glass pipes, marijuana, and an oxycontin pill. He pled guilty in September of 2004 to driving under the influence of intoxicants and reckless driving. He was sentenced to serve 10 days in jail and serve a two year term of probation. He entered a diversion program on the driving under the influence charge, but his participation in the program was revoked when he committed another driving under the influence offense in April of 2005. He also entered a diversion program on the possession of oxycontin charge, and that charge was ultimately dismissed on February 2, 2006.

Regarding his third conviction, one April 7, 2005, the defendant was stopped for a traffic infraction. He appeared to be intoxicated. He refused all field sobriety tests, and a breathalyzer established that his blood alcohol content was 0.12. His probation was terminated on April 17, 2006, because he successfully completed the terms of his probation.

In arguing that a Criminal History Category III over-represents the defendant's criminal history, defense counsel implies that the prior convictions are "nonviolent, 'petty' crimes" deserving of lenient historical treatment. On the contrary, as shown by the conduct which resulted in his first two convictions, driving under the influence of

3 - GOVERNMENT'S SENTENCING MEMORANDUM

intoxicants can be a very dangerous crime. Especially when combined with reckless driving, it can result in serious injury and death to those who are unfortunate enough to fall within the intoxicated driver's path.

Regarding defense counsel's list of cases in support of his position, while it is lengthy, the little detail provided shows that some of the cases are clearly inapposite to the facts of the instant case and the criminal history of the defendant. The remainder of the list lacks sufficient detail for relevant conclusions to be drawn. The known facts of the defendant's criminal history place him appropriately in Criminal History Category III.

**6.** **Similarly situated defendants**: The United States is mindful of the need to treat similarly situated defendants in a similar manner. Although defense counsel lists a summary of sentences imposed in various intellectual property cases, the most relevant comparisons are those of similarly situated defendants in the instant investigation. Consequently, the undersigned counsel recently spoke with Corbin Weiss, a trial attorney with the Computer Crime and Intellectual Property Section for the United States Department of Justice, about sentences imposed upon other defendants in this investigation. Mr. Weiss oversaw relevant portions of the investigation in this case, and stated that a number of defendants who were similarly situated to the defendant were sentenced to 12 month terms of imprisonment. Although Mr. Weiss does not support a downward departure for substantial assistance, he does not object to a downward adjustment for considerations set forth under 18 U.S. C. § 3553(a), which may include the defendant's post-offense rehabilitation. Such an adjustment would place the

4 - GOVERNMENT'S SENTENCING MEMORANDUM

defendant within an advisory sentencing guideline range similar to other defendants who have been sentenced for similar conduct in this investigation.

    **7.**    <u>**Post offense rehabilitation**</u>:  The United States recognizes the post-offense rehabilitation undertaken by the defendant.  In order to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," the United States will not object if the Court were to grant a two (2) level downward adjustment for post-offense rehabilitation, or in combination with other factors set forth by the defendant and his counsel.  If the Court were to grant such an adjustment, the total offense level would be 10, with an advisory applicable guideline range of 10 to 16 months of imprisonment.  This would place the defendant in "Zone C" of the advisory sentencing guidelines, and pursuant to U.S.S.G. § 5C1.1(d)(2) he would be eligible for a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that one-half of the minimum term is satisfied by imprisonment.  Given the defendant's employment situation, a "split" sentence may be appropriate in this case.

    A "split" sentence that includes six (6) months in custody and six (6) months of home confinement as a condition of supervised release may be a pragmatic means of imposing a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing.  Assuming the defendant is a treasured employee with his company, his employers would likely welcome him back to work if he were to be incarcerated for a relatively short period of time.

5 - GOVERNMENT'S SENTENCING MEMORANDUM

8.      <u>**Conditions of supervised release**</u>: The defendant objects to a number of special conditions of supervised release.  His first objection is to special condition 2: having his employment subject to the approval of the probation officer.  As set forth in the defendant's sentencing memorandum, U.S.S.G. § 5F1.5(a) specifically provides that the Court may impose restrictions on a defendant's employment if it determines that there exists "a reasonably direct relationship" between the defendant's occupation and the conduct relevant to the offense of conviction, and that the imposition of the restriction is reasonably necessary to protect the public because there is reason to believe that the defendant will continue to engage in unlawful conduct similar to that for which he was convicted.  The defendant concedes that his occupation is related to the instant offense.  Given the nature of the offense, common sense dictates that the defendant's employment be subject to the approval of the probation office.  There is no indication that the probation office will object to the defendant's current employment, but should circumstances change in the future, the probation office should have the ability to monitor and guide the defendant toward an occupation which will provide him the best chance for success.

The defendant also objects to special condition 3:  prohibitions related to his access to alcohol.  As conceded by him, 18 U.S.C. § 5363 and U.S.S.G. § 5D1.3 provide the probation officer discretion to recommend that the defendant be required to refrain from certain activities, including excessive use of alcohol, and not to frequent places specified by the court.  Given the defendant's prior problems with alcohol, in order to provide him the best chance for success while under the supervision of the United States

Probation Office, it is logical to provide some restriction on his use of alcohol and his frequenting of certain establishments. The United States suggests that special condition 3 be modified to provide that "The defendant shall not consume alcohol to excess, and shall not frequent an establishment where alcohol is the primary item for sale." This would provide modest guidance and, assuming he is compliant with the condition, provide some boundary around the substance that has proved the most difficult for him to control.

The defendant also objects to special conditions 4-6: regarding his access to the Internet. Although overstated, the defendant's concerns are understandable. The Internet has become a primary means of communication, and for the defendant, a primary means of employment. His concerns are overstated, however, in that none of the conditions prohibit access to the Internet. They only provide reasonable oversight by a United States Probation Officer. The United States does not object to providing the defendant full access to the Internet, as long as he consents to reasonable search conditions to ensure that he is not victimizing anyone via the Internet. The United States suggests that special condition 4 be modified to provide that "The defendant shall obtain the prior written approval of the U.S. Probation Officer for all Internet access outside the scope of his employment." The United States suggests that special condition 5 be modified to provide that "The defendant shall provide the probation office all requested information to verify his lawful use of the Internet." The United States suggests that special condition 6 remain as set forth in the presentence report.

**9.** **Sentence recommendation**: Pursuant to the plea agreement and the considerations outlined above, the United States will recommend that the defendant be

7 - GOVERNMENT'S SENTENCING MEMORANDUM

sentenced to a 12 month "split" sentence which includes a six (6) month term of

imprisonment followed by a three year term of supervised release with a condition that

substitutes a six (6) month term of community confinement or home detention according

to the schedule in § 5C1.1(e).

Respectfully submitted this 18th day of June, 2007.

KARIN J. IMMERGUT
United States Attorney
for the District of Oregon


// Sean B. Hoar //
SEAN B. HOAR
Assistant United States Attorney